UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARREN E. RICHARDSON, | : | |
| Plaintiff, | : | Civil No. 07-3482 (WJM) |
| v. | : | |
| THE STATE OF NEW JERSEY, | : | **MEMORANDUM AND ORDER** |
| Defendant. | : | |

It appearing that:

    This Court is in receipt of a letter from Plaintiff Darren E. Richardson, a pre-trial detainee confined at Passaic County Jail in Paterson, New Jersey. The letter encloses a copy of a motion for writ of mandamus that Plaintiff attempted to file in the Superior Court of New Jersey, Appellate Division, challenging certain pre-trial procedures in the Superior Court of New Jersey, Passaic County. Plaintiff relates that the Clerk of the Appellate Division advised Plaintiff that a writ of mandamus is not an appellate procedure. Plaintiff requests that this Court "review" the enclosed state court motion. Plaintiff does not otherwise state any basis for this Court's jurisdiction, state what relief he is seeking, or identify the defendant or respondent against whom any purported action is directed.

1

The Clerk of this Court has docketed the documents received from Plaintiff as a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361.  However, § 1361 provides that United States district courts shall have original jurisdiction of any action in the nature of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Section 1361 provides no jurisdiction in an action to compel a state officer or agency to perform a duty owed to the plaintiff.  Section 1361 does not confer on this Court jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's court.  See Urich v. Diefenderfer, 1991 WL 17820 (E.D. Pa. Feb. 11, 1991).

It is not clear whether Plaintiff seeks to proceed in a civil rights action pursuant to 42 U.S.C. § 1983.  To the extent Plaintiff wishes to proceed under 42 U.S.C. § 1983, he has failed to prepay the filing fee or to submit an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his letter that he must pay the filing fee to proceed with a civil complaint, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such

relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

Also, if the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action <u>in forma pauperis</u> unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this case, Plaintiff failed to prepay the civil filing fee or to submit a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1), (2).

In addition, Plaintiff has failed to submit a pleading meeting the requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to submit a pleading which sets forth (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

To the extent Plaintiff challenges the constitutionality of his present confinement and seeks release from confinement, the appropriate form of action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, following exhaustion of state remedies or upon establishing that there is an absence of

available state corrective process or that circumstances exist that render such process ineffective to protect the rights of the applicant.  See 28 U.S.C. § 2254(b).

Again, however, Plaintiff has failed to prepay the $5 filing fee or to submit an application for leave to proceed in forma pauperis.  Pursuant to Local Civil Rule 81.2(b), any application for leave to proceed in forma pauperis in a habeas corpus action must be accompanied by a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.  If the prison account of any petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  Local Civil Rule 81.2(c).

Nor has Plaintiff filed a pleading meeting the requirements of Rule 2 of the Rules Governing § 2254 Cases in the United States District Courts, which requires the person in custody to name as a respondent the state officer having custody and to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested.  See also Local Civil Rule 81.2 (requiring pro se habeas corpus petitions to be submitted on forms supplied by the Clerk).

THEREFORE, it is on this 8th day of August, 2007;

ORDERED that the Clerk of the Court shall supply to Plaintiff (1) a blank form complaint to be used by a prisoner in filing a civil rights complaint, (2) a blank form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and (3) blank form applications to proceed in forma pauperis in both civil rights actions and habeas corpus actions; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include (1) an appropriate form of pleading meeting the requirements of either (a) Rule 8 of the Federal Rules of Civil Procedure or

(b) the Rules Governing § 2254 Cases in United States District Courts and Local Civil Rule 81.2, and either (2) a complete <u>in forma pauperis</u> application, including an affidavit of indigence and six-month prison account statement (for civil rights actions) or certification as to inmate account (for habeas corpus actions), or (3) the appropriate filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, accompanied by an appropriate pleading and either a complete <u>in forma pauperis</u> application or filing fee within the time allotted by this Court, the Clerk of the Court will be ordered to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

s/William J. Martini

---

William J. Martini
United States District Judge